**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Seaver Business Acquisitions, LLC, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Case No.: 26-cv-11972 |
| v. | ) | |
| | ) | Judge Kenelly |
| Fullers, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**SEAVER BUSINESS ACQUISITION, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT I OF ITS ADVERSARY COMPLAINT**

Plaintiff Seaver Business Acquisition, LLC ("Seaver"), by its undersigned counsel, moves for judgment on pleadings on Count I of its Complaint against Defendants Douglas Fuller, Susan Groenewold, Adam Fuller, Colin Fuller, Paula Fuller and Ethan Fuller ("Defendants") pursuant to Fed.R.Civ.P. 12(c)[1]. In support, Seaver states as follows:

## I. INTRODUCTION

Seaver moves for judgment on the pleadings on Count I under Fed.R.Civ.P. 12(c) because the pleadings eliminate any genuine dispute as to the elements of Seaver's claim on the Guarantee. Defendants admit signing the Guarantee and the underlying SBA loan documents. They also admit the default by Fuller's Service Center, Inc. ("Fuller's"), which triggers their obligations under the Guarantee. On these admissions and the controlling contract language, Seaver moves for judgment on the pleadings as to Count I and a money judgment in Seaver's favor.

[1] Fed.R.Bankr.P. 7012(b) states: "Fed. R. Civ. P. 12(b)–(i) applies in an adversary proceeding."

## II. STATEMENT OF FACTS

1. Fuller's is a corporation located in Hinsdale, DuPage County, IL. Defendants are shareholders and/or officers of Fuller's [**Dkt. #23**, p. 5, ¶10].

2. On May 12, 2022, the U.S. Small Business Administration (the "SBA") made a loan to Fuller's (the "Loan"), evidenced by a promissory note in the amount of $2 million (the "Note"). The Note identifies Fuller's as the "Borrower," and accrues interest at the rate of 3.75% *per annum*. Fuller's also signed a Loan Authorization and Agreement ("Loan Agreement") and a Security Agreement in connection with the Loan. [**Dkt. #23**, p. 5, ¶11].

3. The Loan Agreement includes a provision entitled "USE OF LOAN PROCEEDS" which reads as follows:

> Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31 2020 and continuing thereafter and for loans of more than $25,000 to pay Uniform Commercial Code (UCC) lien filing fees and a third party UCC handling charge of $100 which will be deducted from the Loan amount stated above.

[**Dkt. 23**, p. 5, ¶ 12; **Dkt. 3**, p. 24].

4. Paragraph 4 of the Note, entitled "DEFAULT," reads as follows, in relevant part:

> Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents … H) Becomes the subject of a proceeding under any bankruptcy or insolvency law …

[**Dkt. #23**, p. 6, ¶13; **Dkt. #3**, p. 11].

5. Paragraph 5 of the Note, entitled "SBA'S RIGHTS IF THERE IS A DEFAULT," reads as follows, in relevant part:

> Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor (if any); C) File suit and obtain judgment …

[**Dkt. #23**, p. 6, ¶14; **Dkt. #3**, p.11].

6. Paragraph 6 of the Note, entitled "SBA'S GENERAL POWERS," reads as follows, in relevant part:

> Without notice and without Borrower's consent, SBA may: … B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand im-mediate reimbursement from Borrower or add the expenses to the principal balance; … and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note

[**Dkt. #23**, p. 6, ¶15; **Dkt. #3**, p. 11].

7. Defendants signed a certain Unconditional Guarantee (the "Guarantee") contemporaneously with the execution of the Note [**Dkt. #23**, p. 7, ¶18; **Dkt. #3**, pp. 42-43].

8. Paragraph 1 of the Guarantee reads as follows:

> Guarantor(s) unconditionally guarantee(s) payment to SBA of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor(s) must pay all amounts due under the Note when SBA makes written demand upon Guarantor(s). SBA is not required to seek payment from any other source before demanding payment from Guarantor(s).

[**Dkt. #23**, pp. 7-8, ¶19; **Dkt. 3**, p. 39].

9. Paragraph 9 of the Guarantee is entitled "GENERAL PROVISIONS" and reads as follows, in relevant part:

> L. ENFORCEMENT EXPENSES. Guarantor(s) promise(s) to pay all expenses SBA incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.
>
> * * * *
>
> N. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor(s) is/are jointly and severally liable.

[**Dkt. #23**, p. 8, ¶20; **Dkt. #3**, p. 41].

10. Fuller's received the net loan proceeds from the SBA [**Dkt. #23**, ¶21].

11. Fuller's filed for bankruptcy on January 29, 2025 [**Dkt. #23**, p. 2, ¶2; **Dkt. #23**, p. 9, ¶22].

12. On July 30, 2025, the SBA assigned the Note, the Loan Agreement, the Security Agreement, the Guarantee and all of its rights thereunder to Seaver for value (the "Assignment"). [**Dkt. #3**, p. 9, ¶23; **Exhibit 1**[2]].

13. Seaver requested current financial statements from Defendants on January 6, 2026 and January 29, 2026, but Defendants did not respond to Seaver's requests [**Dkt. #23**, p. 15, ¶51].

## III. LEGAL STANDARD

Fed.R.Civ.P. 12(c) permits a judgment based on the pleadings alone, including the complaint, the answer, and any written instruments attached as exhibits. N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). The court may also "take into consideration documents incorporated by reference to the pleadings and may take judicial notice of matters of public record." Milwaukee Police Assoc. v. Flynn, 863 F.3d 636, 640 (7th Cir. 2017) (citation and quotations omitted). Judgment is proper when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. Flora v. Home Federal Sav. and Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982).

## IV. ARGUMENT

### A. Count I (Breach of Guarantee)

A guarantor's obligations may arise upon the principal debtor's breach of contract. Ironbeam, Inc. v. Papadopoulos, 432 F.Supp. 3d 769, 777 (N.D.Ill. 2020). A breach of contract claim based on a promissory note requires establishing: "(1) the existence of a valid and

[2] Paragraph 23 of the Complaint alleges the Assignment. Although Seaver does not attach the Assignment as an exhibit, this Court still may consider it on a motion for judgment on the pleadings as the Complaint incorporates it by reference. *See* Milwaukee Police Assoc. at 640.

enforceable contract; (2) substantial performance by the [plaintiff]; (3) a breach by the [defendant]; and (4) resulting injury to the [plaintiff]. Thriftmaster Glob. Holdings, Inc. v. Conor Green Consulting, LLC, 786 F.Supp. 3d 1124, 1130 (N.D.Ill. 2025). Illinois law treats a promissory note as a contract; consideration follows from the note's existence, and the parties' signatures supply offer and acceptance. Id. at 1130-31. Attaching a copy of the note to the complaint supplies *prima facie* evidence of the note's ownership, and the legal holder may pursue remedies upon default. Id. at 1132. In other words, enforcement of a guaranty requires a *prima facie* showing of: (1) the original indebtedness, (2) the debtor's default, and (3) the guaranty. FirstMerit Bank, NA v. Grasso, 11 C 8986, 2012 WL 5200111, at *3 (N.D.Ill. Oct. 22, 2012). The pleadings in this case establish each element.

*First*, Defendants admit signing the Guarantee, thereby making it an enforceable contract [**Dkt. #23**, p. 7, ¶18]. *Second*, Defendants admit the SBA funded the loan, thus performing under the parties' agreements [**Dkt. #23**, p. 10, ¶29]. Defendants try to avoid liability by "deny[ing] the SBA and/or Seaver issued all required notices under the loan documents or applicable law" [**Dkt. #23**, p. 10, ¶29], but the Note and Guarantee both foreclose that position: The Note says the SBA may enforce its rights upon default "[w]ithout notice or demand" [**Dkt. #3**, p. 11, ¶5]. Likewise, ¶¶6(I) and (J) of the Guarantee [**Dkt. #3**, p. 40, ¶6] waive the guarantors' rights to "[r]equire presentment, protest, or demand upon Borrower" and "… any notice of … [p]resentment, dishonor, protest, or demand." The contract language controls; no notice obligations exist, and Defendants' blanket denial cannot manufacture a missing element.

*Third*, the pleadings establish Fuller's default under the Note. Paragraph 4 of the Note defines default to include when Fuller's "[b]ecomes the subject of a proceeding under any bankruptcy or insolvency law…." [**Dkt. #23**, p. 6, ¶13; **Dkt. #3**, p. 11]. Defendants admit Fuller's

filed Chapter 11 on January 29, 2025 [**Dkt. #23**, p. 2, ¶2; **Dkt. #23**, p. 9, ¶22]. That admission triggers the Note's default provision and activates the guarantors' obligations as a matter of law.

Courts grant judgment on the pleadings on materially identical admissions. In Lewis v. Hermann, 775 F.Supp. 1137 (N.D.Ill. 1991), the court entered judgment on the pleadings against a guarantor where the defendant admitted signing an unambiguous guaranty and the principal obligor's bankruptcy constituted an undisputed default. Id. at 1154. The same result follows here, and the Court should grant judgment on the pleadings for Seaver as to Count I.

**B. Defendants' Affirmative Defenses Do Not Defeat Seaver's Motion for Judgment on the Pleadings**[3]

Defendants' first defense – that the Court does not have jurisdiction – fails as a matter of law because this Court already rejected this defense. In its August 7, 2026 Memorandum Opinion [**Dkt. #22**], this Court ruled that Seaver timely removed this action and that this Court has related-to jurisdiction to hearing this matter under 28 U.S.C. § 1334.

Defendants' fifth defense – that Defendants have a right to a credit and reduction against amounts claimed due – fails as a matter of law because it is not yet ripe. Seaver has collected nothing from the Fuller's Bankruptcy case to date, and the last sentence of this defense, stating that "Plaintiff's claim is fully secured and will be paid in full by the bankruptcy estate" consists of naught but speculation and wishful thinking. [**Dkt. # 23**, p. 18].

Defendants' sixth, seventh and eighth defenses – estoppel, failure to mitigate, and waiver – all fail as a matter of law because (a) they are demonstrably false and (b) Defendants waived them. The plain language of the Stipulation in question [**Bankr. Dkt.** #422] – which this Court approved – reads as follows, in relevant part:

[3] Affirmative defense nos. 2-4, and 9 do not apply to Count I. Therefore, Seaver does not address them.

> 6. Nothing in this Stipulation and Agreed Order shall prejudice Seaver with respect to any claim based upon the Additional Claim against any co-obligor under the Note and related documents or any guarantor under the Note and related documents. However, Seaver shall not pursue the Additional Claim against the Estate.
> 7. Nothing in this Stipulation and Agreed Order, including the allowance of the Seaver Claim, shall constitute a determination of the merits of *Seaver Business Acquisition LLC v. Douglas Fuller, et al.*, Case No. 26-0270-DLT (Bankr. N.D. Ill. 2026) (the "Adversary") or the state court case from which the Adversary was removed (collectively, the "Actions"). This Stipulation and Agreed Order shall have no res judicata or collateral estoppel effect in the Actions.
> 8. All rights, claims and defenses of Seaver and any co-obligor and/or guarantor of the SBA Note and related Loan Documents in the Actions are expressly preserved.

In short, the plain language of the Stipulation shows that Seaver ***preserved*** all its claims against Defendants – including its claims under the Guarantee. As a result, Defendants' estoppel and waiver defenses all rest upon a false premise and do not apply. Moreover, ¶6(K) of the Guarantee waives any defenses based upon any claim that:

> 12) SBA did not seek payment from the Borrower … before demanding payment from Guarantor(s).

[**Dkt. #3** at p. 41 of 198]. Defendants' sixth defense of estoppel also fails as irrelevant with respect to Count I to the extent that defense seeks to estop collection of the enhancement portion of Seaver's claim – because Count I only seeks recovery of the $2 million loan plus interest.[4]

## V. <u>CONCLUSION</u>

The pleadings show that (1) Defendants signed the Guarantee attached as <u>**Exhibit 3**</u> to the Complaint, and (2) Fuller's defaulted on the Note by, *inter alia*, filing its bankruptcy petition. The Defendants must now pay the $2 million face amount of the Note plus any accrued interest and must pay Seaver's attorneys' fees and costs at the conclusion of this adversary lawsuit.

---

[4] This argument appears directed solely at Count III, which asserts the enhancement claim under ¶9 of the Note.

For all the reasons set forth above, Plaintiff Seaver Business Acquisition, LLC moves this Court to grant judgment on the pleadings as to Count I of its Complaint in its favor and against Defendants Douglas Fuller, Susan Groenewold, Adam Fuller, Colin Fuller, Paula Fuller and Ethan Fuller, and to award the following relief:

1. Entering judgment for $2 million in favor of Seaver and against Defendants, plus accrued interest according to the terms of the Note, jointly and severally;

2. Granting Seaver leave to file a petition for attorneys' fees and expenses at the conclusion of this adversary proceeding, and

3. Granting Seaver such other and further relief as this Court deems just.

Dated: October 2, 2026

Respectfully submitted,

**SEAVER BUSINESS ACQUISTIONS, LLC**

By: /s/ *Andrew R. Schwartz*
One of its counsel

Andrew R. Schwartz (ARDC #6198719)
William F. Norman (ARDC #6335298)
Benjamin E. Haskin (ARDC #6306216)
Bhavya K. Pathak (ARDC #6351223)
**ARONBERG GOLDGEHN DAVIS & GARMISA**
225 W. Washington Street, Suite 2800
Chicago, IL 60606
Tel.: (312) 755-3164
aschwartz@agdglaw.com
wnorman@agdglaw.com
bhaskin@agdglaw.com
bpathak@agdglaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies and states that he caused the foregoing ***Seaver Business Acquisition, LLC's Motion for Judgment on the Pleadings On Count I of its Adversary Complaint*** was filed through the CM/ECF system and then served upon on all counsel of record electronically through CM/ECF on October 2, 2026.

/s/ *Andrew R. Schwartz*